## SETTLEMENT AGREEMENT AND GENERAL RELEASE

**THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE** (this "Agreement") is made and entered into as of the ____ day of May, 2017, by and between Christopher Scionti ("Scionti" or "Plaintiff"), on the one hand, and EWALD CONSTRUCTION, Inc. d/b/a Disaster Recovery Services and Kerry Ewald individually, (collectively referred to as "Ewald" or "Defendants"), on the other hand, and collectively referred to as the ("Parties") to voluntarily and completely resolve all claims that were or could have been asserted in the currently pending civil action in the Northern District of Illinois entitled, *Christopher Scionti, on behalf of himself and others similarly situated v. Ewald Constructi on, Inc., d.b.a. Disaster Recovery Services and Kerry Ewald*, Case No. 16-cv-7886 (the "Lawsuit").

**WHEREAS**, on or about August 5, 2016, Scionti filed the Lawsuit raising claims for unpaid overtime under the Federal Labor Standards Act, the Employee Classification Act, the Illinois Minimum Wage Law, the Illinois Whistleblower Act, and common law claims of assault and retaliatory discharge.

**WHEREAS**, the Parties wish to avoid further controversy, litigation, legal fees, costs, and risks inherent with litigation and enter into this Agreement to finally and fully resolve all claims between Scionti and Ewald, including but not limited to any and all claims for overtime wages, liquidated damages, statutory penalties and attorneys' fees and costs in relation to the Lawsuit.

**WHEREAS**, this Agreement is not intended to constitute, and does not constitute, any admission by Ewald of any liability or violation of federal or state laws, statutes, regulations or common law actions, or as to the merits, validity or accuracy of any of the allegations, theories, and/or claims raised in the Lawsuit.

**WHEREAS**, although the Parties understand that the fact of the settlement and certain terms of this Agreement will not be confidential because the settlement requires preliminary and final court approval, this Agreement is subject to a confidentiality provision and, the Parties intend that this Agreement, itself, shall be kept confidential by the Parties except as directed by the Court.

**NOW, THEREFORE**, in consideration of the provisions, covenants and mutual promises contained herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. **Incorporation of Recitals**. The foregoing recitals are incorporated and made part of this Agreement for all purposes.

2. **Settlement Amount.** In consideration of the promises contained in this Agreement, and in compromise and settlement of all of Scionti's claims and Causes of Action, Ewald agrees to pay Scionti the gross settlement amount of $12,000 ("Settlement Amount") contingent on Scionti signing and complying with the Agreement and the Court approving the settlement and dismissing the Lawsuit with prejudice.

215734761.1 54751/198624

EXHIBIT A

K.E.

    A.    Scionti acknowledges and agrees that he is not otherwise entitled to receive the Settlement Amount if he does not enter into this Agreement and complies with it and dismiss the Lawsuit with prejudice. Scionti further acknowledges that Ewald has no prior legal obligation to make the payment of the Settlement Amount, and that this payment is being made solely for the purposes of settlement and in consideration of this Agreement. The foregoing payment of the Settlement Amount shall constitute full satisfaction of Ewald' payment obligation under this Agreement.

    B.    Ewald or his attorneys will make the payment in two separate checks. The first check will be made payable to Scionti in the amount of $7,200. The second check will be made payable to The Fish Law Firm, P.C. in the amount of $4,800.

    C.    Upon the Court dismissing the Lawsuit with prejudice or within 10 days of signing this Agreement, whichever date is later, the checks described in Section 2.B will be issued.

3. **Tax Liabilities.**

    A.    Ewald will provide a 1099 tax form to Scionti, and both Parties also mutually agree that they are each individually responsible for determining on their own the tax consequences resulting from this settlement and for paying their own taxes, and that each are individually responsible for any federal, state or other income taxes which may finally be determined by a taxing authority or court of law as being due and owing by that party (including associated penalties or interest), unless otherwise provided for in Section 2(f)(iii) of this Agreement. Should the IRS re-characterize any of the payments of the Settlement Amount in any manner, Scionti agrees to be solely responsible for all employee taxes found due and owing and any interest, penalties and/or fines associated with such amounts.

    B.    To the fullest extent permitted by applicable law, Scionti further agrees to inform Ewald and Ewald likewise agrees to inform Scionti of all subpoenas, correspondence, telephone calls, requests for information, inquiries or other contacts he or it may receive from any taxing authority regarding the Settlement Amount pursuant to this Agreement within 2 business days of such contact and they each agree to reasonably cooperate with each other in responding to such inquiries from any taxing authority.

4.     **Release.** By executing this Agreement, Scionti and his respective executors, administrators, representatives, guardians, custodians, predecessors, successors, employees, agents, attorneys, assigns, heirs, spouses, insurers and anyone else acting on behalf of, in the name of, or representing Scionti individually or as part of a class or collective action in which he

2

215724761.1 54751/198624

K.E.

is a member (collectively referred to in this Agreement as "Scionti"), forever and fully releases, extinguishes, covenants not to sue upon, and discharges, and will be deemed to have released, to have extinguished and to have discharged Ewald and all of its past and present shareholders, members, partners, officers, counsel, employees, agents, successor assigns in their individual and representation capacities and from any and all liabilities, demands, claims, disputes, charges, actions, arbitrations, manners or causes of action and legal proceedings of any type that satisfy each and all of the following conditions: 1) that assert a claim under the Federal Fair Labor Standards Act, Illinois Minimum Wage Act, the Employee Classification Act, the Illinois Whistleblower Act, claims of assault and retaliatory discharge; 2) that were or could have been asserted in this Lawsuit; and 3) any other cause of action or claim, known or unknown, matured or unmatured, that Scionti has or could have asserted against Ewald relating to or arising out of any act or failure to act that occurred or is alleged to have occurred at any time until the Effective Date of this Agreement.

5. **Covenant Not To Sue.** Scionti covenants not to sue Ewald based on any act or omission occurring or failing to occur on or before the Effective Date of this Agreement. Further, Scionti acknowledges that he has not filed claims other than those alleged in the Lawsuit against the Ewald and that Scionti knows of no basis for any such claim. A "covenant not to sue" is a promise not to file a lawsuit in court. It differs from the release of claims contained in Section 4 of this Agreement. Scionti agrees, by this covenant, not to sue on any of the claims released in Section 4 of this Agreement and that neither he nor anyone on his behalf will ever sue Ewald on any other claim referred to in or covered by this Agreement or that were or could have been asserted in the Lawsuit. However, Scionti makes no representations on behalf of other employees who may bring a collective or class action in which he may be a member. Scionti agrees that any such collective or class will be subject to Section 6 below.

6. **Waiver of Right to Monetary Relief.** Scionti waives and releases any right to recover any monetary relief in the event that he, a governmental agency or any third party files an action or asserts any claim against Ewald based in whole or in part on any of the claims released in Section 4 of this Agreement.

7. **Dismissal of Lawsuit and Court Approval of Settlement.** The Parties agree to an immediate stay of all proceedings in the Lawsuit except such proceedings necessary to complete and implement this Agreement. The Parties will seek approval of the settlement and dismissal of the Lawsuit with prejudice no earlier than 10 days after the execution of this Agreement when the Defendants are ready, willing and able to tender the checks described above. The Parties shall file a joint Motion for Approval of Settlement Agreement and seek to enter the Agreed Dismissal Order attached to this Agreement as Exhibit A. The Parties agree to execute any other documents necessary to effectuate the approval of the settlement by the Court and the dismissal of the Lawsuit with prejudice. Scionti further acknowledges that if the Lawsuit is not dismissed with prejudice or is reinstated (other than to enforce the terms of this Agreement), this Agreement shall have no force or effect, and Scionti shall have no right to receive any payment hereunder and that he and his attorneys shall immediately repay to Ewald the Settlement Amount, or any portion thereof, that he or they may have received.

8. **Representations by Scionti.** Scionti represents and warrants that he is legally competent to execute this Agreement and that he has not relied on any statements or



explanations, or representations of Ewald. Moreover, Scionti further represents and warrants that:

    A.    <u>Advice of Counsel</u>. Scionti has been advised by legal counsel regarding the terms of this Agreement, including the Release and Covenant Not To Sue, and Waiver Of Right to Monetary Relief in Sections 4 through 6 of this Agreement.

    B.    <u>No Transfer of Claim</u>. Scionti is the sole owner and has not and will not (i) transfer or assign any of the rights or claims that would otherwise be covered by this Agreement to any third party; or (ii) file any claim, demand, action or charge against Ewald, other than those asserted in the Lawsuit, except as expressly permitted in this Agreement. Scionti further agrees to immediately obtain the dismissal with prejudice of any other claim, action or charge against Ewald that may have been filed by him and will indemnify, defend and hold harmless Ewald in the event that any third party asserts a claim, action or charge covered by this Agreement that was, is proven, or is asserted to have been transferred or assigned by Scionti.

9.    **Confidentiality.** As set forth in this Agreement, the Parties recognize they are required to seek Court approval of the settlement in open court. Ewald, Scionti and Scionti's counsel agree not to seek any news media conferences regarding this case or settlement, not post any information about the settlement on any social media site. In the event either party is contacted or solicited for comment, they agree to state only that the matter has been resolved and not further discuss the matter. The parties further agree not to contact any member of the news media or discuss with them this case or settlement, and not discuss or disclose the existence, terms, or negotiations of this Agreement with any third person, except the Parties' spouses, attorneys or tax advisors who shall each be instructed to comply with the confidentiality provisions of this Agreement.

10.    **Non-Disparagement.** Scionti agrees that after signing this Agreement he will not engage or cause others to engage in any conduct or make any statements, whether oral or written, which, directly or indirectly, defame, invade the privacy, disclose trade secrets and protectable confidential information, or tortuously or negligently interfere with the protectable business relationships of Ewald to any third party or member of the press, except those to whom disclosure is permitted in Section 9 above of this Agreement. This restriction includes, but is not limited to any posts or communications made on any blogs, websites, social media sites or other electronic communication. However, nothing in this Agreement shall preclude Scionti from responding truthfully to a lawfully issued subpoena or legal process, but, to the extent permitted by law, Scionti agrees to provide Ewald with notice within three (3) business days of such subpoena or legal process and reasonably cooperate with Ewald in responding to such subpoena or legal process. Ewald agrees that he too will not engage or cause others to engage in any conduct or make any statements, whether oral or written, which, directly or indirectly, defame, invade the privacy, disclose trade secrets and protectable confidential information, or tortuously or negligently interfere with the protectable business relationships of Ewald to any third party. Ewald agrees to be bound by the same restrictions as Scionti.

4

215734761.1 54751/198624

11. **No Admission.** The Parties acknowledge and agree that the making of promises to one another in this Agreement does not mean that the Parties have violated any federal, state or common law, regulations, or acts, committed any wrongdoing with respect to each other, violated any contractual or other obligation between the Parties in relation to each other, and that any such violations are expressly denied by the Parties. Rather, the Parties are making these promises solely in exchange for the respective promises contained in this Agreement.

12. **Remedies in Case of Breach.** The Parties acknowledge that if either of them fail to keep any of the promises herein, the injured party may take appropriate legal action to enforce any breached promises and/or to recover from the breaching party the amount of any damage the injured party suffers because of the failure to keep those promises.

13. **Entire Agreement.** The Parties agree that this Agreement contains all of the promises and obligations between the Parties, and extinguishes and terminates any and all preexisting agreements or settlement discussions, oral or written, relating to the subject matter thereof, provided that any preexisting agreement contains provisions that by their terms survive the end of the Parties' relationship, then such terms shall survive and shall not be extinguished by this Agreement except to the extent such terms conflict and cannot be reconciled with the conflicting terms in this Agreement. This Agreement shall be binding upon, shall inure to the benefit of and shall be enforceable only by Scionti, Ewald, The Fish Law Firm, P.C., the released parties hereto, and their respective successors, heirs, executors, administrators and permitted assigns of any of the foregoing. The Parties further agree that there are no representations, warranties, covenants, or understandings, other than those set forth herein, relating to the subject matter thereof. None of the promises in this Agreement can be changed unless both Parties agree to the change in writing.

14. **Severability**. Should any single provision of this Agreement be found to be invalid for any reason whatsoever, no other provision shall be affected, and this Agreement shall be read as if it did not contain the invalid provision. The Parties intend for any invalid provision or release of any particular claim to be severable from the remainder of this Agreement unless a court of competent jurisdiction modifies or "blue pencils" the invalid provision so that it is valid and enforceable, in which case the provision shall not be stricken or severed.

15. **Governing Law and Forum Selection.** This Agreement shall be construed in accordance with the laws of the State of Illinois without regard to its conflict of laws provisions. Any dispute between the Parties relating to or arising out of this Agreement, the Parties' relationship, or the end of the Parties' relationship shall be resolved and adjudicated solely and exclusively in the federal or state courts located in the Counties of Will, Cook or DuPage, Illinois and the Parties waive any and all objections to venue, personal jurisdiction, and forum non conveniens therein.

16. **Assignment.** The Parties agree that this Agreement is binding upon and may not be assigned by Scionti or his heirs or executors.

17. **Effective Date.** The Effective Date of this Agreement shall be the last date on which the Parties execute this Agreementor the date on which the Court dismisses the Lawsuit with prejudice, whichever date is later.

215734761.1 54751/198624

18. **Execution of Agreement.** This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute but one and the same instrument. In addition, for purposes of executing this Agreement, a document signed and transmitted by email or facsimile machine shall be treated as an original document.

19. **Authority.** The Parties participated jointly in the drafting of this Agreement.

20. **Scionti's Declaration.** Scionti declares that the terms of this Agreement have been completely read, are fully understood and are voluntarily accepted after complete consideration of all facts and legal claims, after consultation with his attorney, without coercion of any kind, and without reliance on any representation or statement not set forth herein.

**IN WITNESS WHEREOF**, the Parties, having declared their intentions to be bound contractually by all such terms and conditions, do hereby execute and deliver this Agreement on the dates indicated by their signatures below.

PLAINTIFF:

CHRISTOPHER SCIONTI

DEFENDANTS:

EWALD CONSTRUCTION, INC. d/b/a
DISASTER RECOVERY SERVICES

By: Kerry Ewald, President for Ewald Construction, Inc. d/b/a Disaster Recovery Services

By: Kerry Ewald, President

By: Kerry Ewald, Individually

205633966.1 54751/198624

18. **Execution of Agreement.** This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute but one and the same instrument. In addition, for purposes of executing this Agreement, a document signed and transmitted by email or facsimile machine shall be treated as an original document.

19. **Authority.** The Parties participated jointly in the drafting of this Agreement.

20. **Scionti's Declaration.** Scionti declares that the terms of this Agreement have been completely read, are fully understood and are voluntarily accepted after complete consideration of all facts and legal claims, after consultation with his attorney, without coercion of any kind, and without reliance on any representation or statement not set forth herein.

**IN WITNESS WHEREOF**, the Parties, having declared their intentions to be bound contractually by all such terms and conditions, do hereby execute and deliver this Agreement on the dates indicated by their signatures below.

PLAINTIFF:

**CHRISTOPHER SCIONTI**

_____

DEFENDANTS:

**EWALD CONSTRUCTION, INC. d/b/a DISASTER RECOVERY SERVICES**

_[signature]_ 5/5/17
By: Kerry Ewald, President for Ewald Construction, Inc. d/b/a Disaster Recovery Services

By: Kerry Ewald, President

_[signature]_ 5/5/17
By: Kerry Ewald, Individually

6

215734761.1 54751/198624